J-S51027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD DAVIS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1680 EDA 2017 |

Appeal from the PCRA Order April 28, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003650-2013

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                  **FILED NOVEMBER 26, 2018**

Appellant Ronald Davis appeals from the order denying his first timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following a hearing.  Appellant asserts that trial counsel was ineffective for failing to introduce evidence of the timeline of events and for failing to object to the prosecutor's remarks during closing argument regarding Appellant's association with his co-defendant, Justin Johnson.  We affirm.

The relevant facts of this matter include the following:

> On March 8, 2013, Marshauna Hinton [(Complainant)] entered her home on Locust Street in Norristown, Montgomery County, and found two men inside the residence. She promptly fled and called police. [Complainant] later identified co-defendant, Justin Johnson, from a photo line-up, and he was arrested that same day. Johnson admitted his involvement, and informed police that he and [Appellant] had committed a string of burglaries in Norristown in early 2013, including the one at [Complainant's] home. [Appellant] was initially charged on

March 21, 2013, with the Hinton burglary. However, the complaint was withdrawn and a revised complaint was filed on April 15, 2013, charging [Appellant] with numerous crimes, 68 counts in all, including robbery,[1] burglary,[2] [receiving stolen property],[3] and conspiracy,[4] for the 2013 Norristown burglaries.

***Commonwealth v. Davis***, No. 397 EDA 2015 [(filed Dec. 30, 2015),] at 2. By [o]rder of April 30, 2014, the multiple burglaries were ultimately severed by the [trial c]ourt, and ordered to be tried separately.

[At a jury trial, held on September 3 and 4, 2014, regarding the burglary on Locust Street], Justin Johnson testified that he and [Appellant] entered the home at 1215 Locust Street. Prior to entering the home, they knocked on the front door and yelled through the mail slot to determine if anyone was home. Satisfied the house was empty, the [Appellant] went behind the house, and gained entry into the home, and opened the front door from the inside and let Johnson into the home. Both men went to the second floor of the home to look for valuables. After a few minutes, at approximately 11:15 a.m., [Complainant] arrived home, and saw Johnson [and another individual in a mask with a gun]. Both men fled the home and ran to [Appellant's] home on Cherry Street. It took less than five minutes to arrive at Cherry Street. They sorted the jewelry and discussed meeting at the Norristown Transportation Center to take the train to Lou's Pawn Shop in Upper Darby. They were in the home on Cherry Street for about five to ten minutes. Johnson was arrested while [walking] to his mother's house, a five minute walk from Cherry Street, to change his clothes. [Appellant traveled to Lou's Pawn Shop in Upper Darby, passing several other pawn shops in Norristown.] At 2:51 p.m., records from Lou's Pawn Shop . . . show that [Appellant] sold a ring taken from the Locust Street burglary.

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 3502(a)(2).

[3] 18 Pa.C.S. § 3925(a).

[4] 18 Pa.C.S. § 903(a)(1).

PCRA Ct. Op., 9/11/17, at 1-2 (some citations omitted).

During closing arguments, Appellant's counsel conceded that Appellant had received stolen property, but argued that Appellant had not been involved in the burglary itself. Moreover, Appellant's counsel challenged the credibility of Johnson based on Johnson's prior convictions and argued that Johnson's testimony that Appellant participated in the Locust Street burglary was inconsistent and unworthy of belief. *See* N.T. Trial, 9/4/14, at 85-86, 95-98.

The Commonwealth, during its closing argument, stated that Johnson was a known criminal and someone with whom Appellant associated. *Id.* at 121-23. The prosecutor also stated that fifteen minutes elapsed between the burglary and Johnson's arrest. *Id.* at 136. In asserting that only fifteen minutes passed between the burglary and Johnson's arrest, the Commonwealth referred to Johnson's testimony that (1) it took fewer than five minutes to go from the burglary at 1215 Locust Street to Appellant's home at 1007 Chestnut Street, (2) Johnson and Appellant were at Appellant's home for approximately five minutes, and (3) Johnson then headed to his mother's house to change clothes, which was took another five minutes, but was unable to change his clothes because he was arrested. *Id.* at 135-36; *see also* N.T. Trial, 9/3/14, at 154-160.

At the conclusion of the trial, the jury convicted Appellant of burglary, criminal conspiracy and receiving stolen property, but acquitted him of robbery. Appellant was sentenced on January 9, 2015, to 4½ to 9 years of incarceration. On direct appeal, on December 30, 2015, this Court affirmed

the judgment of sentence and permitted Appellant's counsel to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967).

Appellant filed a timely *pro se* petition under the PCRA, which the PCRA court docketed on January 21, 2016. Counsel was appointed, who filed an amended PCRA petition. Attached to Appellant's *pro se* petition was a police report dated March 27, 2013, which was not introduced into evidence at trial, but which indicated that police were dispatched to the scene of the burglary at approximately noon on March 8, 2013 and that Johnson was arrested at 1:13 PM. **See** Police Report, 3/27/13.

The Commonwealth filed a response, and Appellant filed an addendum. A hearing on the PCRA petition was held on March 23, 2017. At the hearing, the timeframe in which Johnson was arrested following the burglary was expanded and established to be one hour and twenty minutes. **See** N.T. PCRA Hr'g, 3/23/17, at 11. By order of April 28, 2017, the PCRA court found that trial counsel was not ineffective and dismissed Appellant's PCRA petition.

This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the PCRA [c]ourt erred in finding that trial counsel was not ineffective where trial counsel failed to introduce evidence of the timeline of events, which would have bolstered the defense theory that Appellant purchased [a] stolen item after the burglary[.]

2. Whether the PCRA [c]ourt erred in finding that trial counsel was not ineffective where trial counsel failed to object to [the] prosecutor's unduly prejudicial remarks regarding Appellant's

"association/friendship" with his co-defendant[,] who had an extensive criminal record[,] during closing argument in violation of Appellant's due process rights, and the prohibition against admission of prior bad character evidence[.]

Appellant's Brief at 4.

In both issues, Appellant contends that the PCRA court erred in dismissing ineffective assistance of counsel claims. The following principles govern our review:

> Our standard of review of a PCRA court's denial of a petition for postconviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Additionally,

> [i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Id.* (citation omitted).

In his first issue, Appellant asserts that trial counsel was ineffective for failing to establish an accurate timeline related to Johnson's arrest, which would have made it more plausible that Appellant was not involved in the burglary and instead had purchased a ring afterward from Johnson. Appellant specifically argues that

> [t]rial counsel should have presented evidence that established there was an hour and twenty minutes that went by between [Complainant] calling the police, and Justin Johnson being arrested to support the defense theory that there was time for Appellant to have received the stolen ring, not that he was a participant in the burglary. In addition, trial counsel should have objected to the Commonwealth's continued assertion during his closing argument that there was only a fifteen-minute time period.

Appellant's Brief at 19. Since one hour and twenty minutes elapsed between Complainant calling the police and Johnson being arrested, Appellant had more time to have purchased the ring that he sold at the pawnshop. According to Appellant, this supports his argument that he was not a participant in the burglary itself. *Id.*

By way of background to this issue, when asked about the significance of the longer period of time at the PCRA hearing, trial counsel testified that

> [i]n [his] view, based on the evidence as it came into the case, [it would not] have made a difference because of the testimony of Justin Johnson and the evidence regarding the pawn shop. [He did not] think it would have made a difference.

N.T. PCRA Hr'g, 3/23/17, at 64.

The PCRA court denied relief on this claim, concluding:

> Further development regarding the specific amount of time that elapsed between the burglary and Justin Johnson's arrest would not have created the probability of a different outcome, thereby failing to satisfy the prejudice prong. Even fifteen minutes would have been enough time for Johnson to meet [Appellant] and sell him the ring. Furthermore, trial counsel did pursue a strategy wherein he argued that [Appellant] was only guilty of receiving stolen property.

PCRA Ct. Op., 9/11/17, at 6.

We agree with the PCRA court. Appellant asserts that the fifteen-minute timeframe made it appear more likely that he was involved in the underlying burglary. However, either amount of time was sufficient for him to have received stolen property from Johnson. The jury was presented with the theory that Appellant had merely received stolen property, which was plausible under the timeline established at trial.

Moreover, the evidence adduced at trial indicated that Appellant had participated in the burglary. Appellant's consciousness of guilt was apparent in that he chose to bypass several pawn shops in the more immediate area to travel to Lou's Pawn Shop in Upper Darby to sell the ring. Additionally, Johnson knew Appellant would sell the ring at Lou's Pawn Shop, making it more likely that they had committed the burglary together. *See* N.T. Trial, 9/3/14, at 156. Accordingly, Appellant has not demonstrated a reasonable probability of a different outcome if the hour-and-twenty-minute timeframe had been clarified at trial. *See Franklin*, 990 A.2d at 797.

In his second issue, Appellant asserts that trial counsel was ineffective for failing to object to the prosecutor's allegedly prejudicial remarks regarding Appellant's association with Justin Johnson, who had an extensive criminal record. Appellant's Brief at 23. Appellant argues that referring to him as a friend of Johnson's was a reference to impermissible bad character evidence that denied Appellant a fair trial. *Id.* at 24 (citing *Commonwealth v. Lipscomb*, 317 A.2d 205, 207 (Pa. 1975) and *Commonwealth v. Scarfo*, 611 A.2d 242, 283-84 (Pa. Super. 1992)). Specifically, Appellant argues that

the "prosecutor relied upon the prior criminal history of Mr. Johnson to argue that this is an 'associate' or even 'friend' of Appellant as a basis for a finding of guilt that is impermissible as bad character evidence." *Id.* (citing Pa.R.E. 404(a)(1)).

By way of background to this claim, the prosecutor stated the following during closing argument:

> And we'll get to corroboration which I'm going to suggest to you there's more than enough corroboration in this case for each and every one of you to find Justin Johnson to be a credible witness . . . And think not just about Justin Johnson as an interested-party here; but the reality is that there's an additional interested party involved in this case, a party who I would suggest to you has not, just a passing interest, but a vital one, one that would cause that person to attempt in any way that they could to discredit otherwise credible evidence against them. [Appellant], do not forget, though he bears no burden is still an interested party in this. And also don't forget every time we talk about the various prior convictions that Justin Johnson has, don't forget that Justin Johnson is at the very least a known associate, if not a friend, of [Appellant], the kind of person that [Appellant] associates himself with. At the very least, even though, and we'll get there, defense counsel will talk about the ring coming into the possession of [Appellant]. The ring got there somehow. Even under their theory, which is not evidence, the ring came to [Appellant] through a source. And that source, according to their theory that is not evidence, is Justin Johnson. So even taking at face value, which ultimately, as I said, is argument and not evidence, every time you think about those prior convictions that Justin Johnson has, you think about how that relates to [Appellant] and his associations.

N.T. Trial, 9/4/14, at 122-24.

A claim of prosecutorial misconduct is evaluated based upon

> "whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect . . . [was] to

prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict."

**Commonwealth v. Ragland**, 991 A.2d 336, 340 (Pa. Super. 2010) (citation omitted).

When considering claims that a prosecutor has committed misconduct in his or her comments to the jury, we note that "the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." **Commonwealth v. Judy**, 978 A.2d 1015, 1020 (Pa. Super. 2009) (citation omitted).

Here, the PCRA court found that the Commonwealth's comments about Johnson

> constituted a proper response to trial counsel's attack on the credibility of Johnson and proper argument regarding the charge of receiving stolen property. Based on Johnson's history, [Appellant] knew or should have known that the ring that came into his possession was stolen. Therefore, counsel was not ineffective for failing to object.
>
> Even assuming, *arguendo*, that the prosecutor's remarks were objectionable and improperly implied that [Appellant] himself had a prior record, he did not suffer actual prejudice. While he was convicted of burglary, criminal conspiracy and receiving stolen property, the jury acquitted him of the charge of robbery. Therefore, it is clear that the prosecutor's argument did not create a bias or hostility toward [Appellant] that negated the jury's ability to render a fair verdict.

PCRA Ct. Op., 9/11/17, at 10-11.

- 9 -

We agree with the PCRA court. The comments were fair rebuttal to attacks on Johnson's credibility, since they show that Johnson was willing to be completely honest about his background. Additionally, the evidence presented at trial supported the comments the prosecutor made regarding Johnson and his history. *See Judy*, 978 A.2d at 1020. Moreover, the jury was not unfairly prejudiced against Appellant by the prosecutor's remarks, as shown by Appellant's acquittal for robbery.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/26/2018*